UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W.A. GRIFFIN, M.D.,

    Plaintiff,

vs.

COMMITTEE OF THE UAW RETIREE
MEDICAL BENEFITS TRUST, and
UAW RETIREE MEDICAL BENEFITS
TRUST,

    Defendants.
_____/

Case No. 16-12002

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS [DOC. 12]

Plaintiff W.A. Griffin, M.D. filed this action asserting pro se claims against defendants the UAW Retiree Medical Benefits Trust ("UAW Trust") and the Committee of the UAW Retiree Medical Benefits Trust ("UAW Committee") under the Employee Retirement Income Security Act of 1974 ("ERISA"). The matter is before the court on defendants' motion for judgment on the pleadings. For the reasons stated herein, defendants' motion for judgment on the pleadings is GRANTED.

FACTUAL BACKGROUND

Plaintiff W.A. Griffin, M.D., is a dermatologist who is suing defendants under two purported assignments of benefits from her patient, one from October 2013 and one dated March 2016. Specifically, plaintiff alleges that defendants failed to pay a benefit of $2,150 for medical services she provided to a participant in the UAW Trust in 2013 (Count I), failed to provide a fair review of plaintiff's claim for benefits (Count II), failed to

provide certain plan documents which allegedly triggered a statutory penalty of $500,000 (Count III), and breached fiduciary duties owed under ERISA (Count IV).

The UAW Trust is an "employee welfare benefit plan" as defined by ERISA § 3(1). Among the benefits offered by the UAW Trust is medical coverage that is provided to eligible retirees of General Motors. The UAW GM Retirees Medical Benefits Plan Document ("Plan Document") and the UAW Retiree Medical Benefits Trust Summary Plan Description ("SPD") identify the UAW Committee as the Plan Administrator as defined by ERISA § 3(16)(A). The Plan Document provides that "[e]xcept as expressly authorized by the Plan . . . benefits, claims, coverage or other interests in the Plan may not be assigned, transferred, or alienated by a Primary Enrollee." The SPD contains identical anti-assignment language.

In its role as Plan Administrator, the UAW Committee delegated fiduciary authority for all medical benefit claims and appeals at issue to Blue Cross Blue Shield of Michigan or, for out-of-network claims, to the respective Blue Cross Blue Shield plan operating in the state in which a UAW Trust participant received medical treatment.

Plaintiff operates a medical practice in Fulton County, Georgia. On October 7, 2013, plaintiff treated a patient identified as C.R., a retired General Motors' employee who was eligible for benefits under the UAW Trust. As a condition of treatment, plaintiff required C.R. to sign a document titled "Legal Assignment of Benefits and Designation of Authorized Representative For The Release of Medical and Health Plan Documents For The Claims Processing & Reimbursement As Required by Federal and State Laws" ("October 2013 Assignment").

Plaintiff billed $5,478.01 for the medical services rendered to C.R., and submitted

a claim to Blue Cross Blue Shield of Georgia ("BCBS Georgia") for such amount. BCBS Georgia paid plaintiff $988.09 on the claim. Plaintiff filed an appeal with BCBS Georgia on November 4, 2013 for additional amounts she claimed were owed on the claim. Plaintiff also requested that BCBS Georgia provide her with various plan documents related to the Plan covering C.R.

On January 22, 2014, BCBS Georgia denied the appeal, explaining that BCBS Georgia only denied a charge not covered by the Plan and that C.R. was responsible for paying the difference. Plaintiff did not seek payment from C.R., but instead proceeded to serve four additional demands for payment and plan documents upon BCBS Georgia between January and March 2014. With each claim or appeal, plaintiff provided a copy of the October 2013 assignment of benefits and expressly warned BCBS Georgia that they could not assert any anti-assignment provisions against her if they did not notify her of such provisions. On April 21, 2014, after receiving her last appeal decision, plaintiff wrote BCBS Georgia a note which stated she "will deem <u>all entered appeals</u> exhausted."

On March 18, 2016, plaintiff obtained a second assignment of benefits from C.R., which purports to be "retroactive" to October 7, 2013. The language in the March 2016 assignment is identical to that of the October 2013 assignment, but additionally contains a provision purporting to allow plaintiff "to stand in [C.R.'s] shoes and pursue claims for benefits, statutory penalties, breach of fiduciary duty, any ERISA claim matter, and any state claim."

## <u>STANDARD FOR JUDGMENT ON PLEADINGS</u>

A motion for judgment on the pleadings under Federal Rule of Civil Procedure

12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See e.g., Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

ANALYSIS

I. <u>Anti-Assignment Clause in the UAW Plan</u>

Under the ERISA statutory scheme, only the following may bring an ERISA civil enforcement action: participants of a plan, beneficiaries of a plan, fiduciaries of a plan, and the Secretary of Labor. ERISA §§ 502(a)(1)(B), (a)(2) and (a)(3). As a healthcare

provider, plaintiff does not qualify as any of the enumerated parties authorized by ERISA to sue the UAW Trust or the UAW Committee.  Plaintiff asserts instead that she "has *derivative* standing [to sue] . . . as an assignee of the member's benefits and rights under the health plan . . . ."  Complaint ¶ 5.

The relevant Plan Document provides that "[e]xcept as expressly authorized by the Plan . . . benefits, claims, coverage or other interests in the Plan may not be assigned, transferred, or alienated by a Primary Enrollee."  In addition, the SPD, which is distributed to all plan participants, contains identical anti-assignment language.  The majority of federal courts that have considered the issue have concluded that an assignment is void if the plan contains an anti-assignment provision, reasoning that the issue of assignability should be left to the agreement of the contracting parties.  *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) (citing cases).

In response to the argument that the UAW Plan did not consent to C.R.'s purported assignment, and therefore such assignment is invalid, plaintiff argues that the UAW waived the right to assert lack of standing.  According to plaintiff, each time she submitted a claim or an appeal, she submitted a copy of the October 2013 assignment of benefits from C.R. with accompanying language telling the UAW that the Plan would not be able to assert anti-assignment provisions if they failed to notify her of such provisions.

To establish equitable estoppel, plaintiff must allege "'conduct or language amounting to a representation of material fact'" and "'an intention on the part of the party to be estopped [the UAW Trust] that the representation be acted on, or conduct toward

the party asserting the estoppel [Dr. Griffin] such that the latter has a right to believe that the former's conduct is so intended.'" *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991) (citations omitted), *abrogated on other grounds by M & G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926 (2015).  In this case, plaintiff has not alleged *any* representation by the UAW Trust or the UAW Committee.  Instead, plaintiff alleges that BCBS Georgia, the plan administrator, was silent when confronted with the anti-assignment issue.  But "estoppel requires more than mere silence."  *TWM Mfg. Co. v. Dura Corp.*, 592 F.2d 346, 350 (6th Cir. 1979).

Finally, to the extent plaintiff is alleging waiver of the anti-assignment clause, courts do not recognize waiver in the ERISA context.  *See Schornhorst v. Ford Motor Co.*, 606 F. Supp. 2d 658, 670 (E.D. Mich. 2009). With each claim or appeal, plaintiff states that she expressly warned BCBS Georgia that  they could not assert any anti-assignment provisions against her if they did not first notify her of such provisions.  Based on BCBS Georgia's silence, plaintiff describes being under the "assumption" that the UAW plan permitted provider assignments.  Waiver is the voluntary or intentional relinquishment of a known right.  *Id.*  Plaintiff has failed to allege any evidence of waiver by the UAW Trust or UAW Committee, relying entirely on the silence of a third party.

The court finds that the express terms of the Plan's anti-assignment provision control and, therefore, plaintiff does not have standing to assert a derivative claim against defendants under ERISA § 502.  Counts I, II, III and IV are dismissed for lack of standing.

II.  <u>2013 and 2016 Assignments</u>

Even if the October 2013 Assignment is valid notwithstanding the UAW Trust's

anti-assignment language, the terms of the 2013 Assignment require dismissal of Counts II, III, and IV for lack of standing. The 2013 assignment by its express language states that the patient purports to assign to plaintiff the right to pursue a claim for unpaid medical benefits. This exact language has been construed by other courts in which Dr. Griffin brought similar claims based on an assignment from a patient: "Dr. Griffin's patient agreed only to 'assign and convey . . . all medical benefits and/or insurance reimbursement.' . . . Nothing in the assignment transferred the patient's right to bring a cause of action for breach of fiduciary duty or to seek equitable relief to redress a practice that violates ERISA or the terms of the Plan." *Griffin v. Lockheed Martin Corp.*, No. 15-13515, 2016 WL 1397707, at *3 (11th Cir. Apr.11, 2016). The October 2013 assignment does not assign any claims by C.R. to enforce ERISA's claims and appeals rules (Count II), to pursue claims for statutory penalties (Count III), or to sue for breach of fiduciary duty (Count IV). Plaintiff's claim for unpaid medical benefits owed under the Plan would be capped at $2,501.

Plaintiff relies on the March 2016 assignment, which is broader than the October 2013 assignment, and which is purportedly retroactive to October 2013. The new provision in the 2016 assignment purports to allow plaintiff "to stand in [C.R.'s] shoes and pursue claims for benefits, statutory penalties, breach of fiduciary duty, any ERISA claim matter, and any state claim." Not only is the 2016 assignment void for conflicting with the anti-assignment language in the UAW Plan documents, this after-acquired assignment does not otherwise confer standing. First, this assignment, obtained years after the medical services at issue were rendered and lacking in consideration, is not a valid contract. Second, plaintiff did not and could not have presented the new

assignment to the UAW Trust or BCBS Georgia during the 2013 and 2014 time period when plaintiff was filing appeals and demanding claim documents for the very reason that she had not yet obtained it. The 2016 assignment is void and unenforceable and does not provide a basis for standing.

Having found that plaintiff lacks standing to bring each of the claims in her complaint, the court grants defendants' motion for judgment on the pleadings. It is unnecessary to address the addition arguments made by defendants in support of their motion.

## CONCLUSION

For the reasons stated above, defendants' motion for judgment on the pleadings is GRANTED.

Dated: November 16, 2016

                                   s/George Caram Steeh
                                   GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2016, by electronic and/or ordinary mail and also on W. A. Griffin, 550 Peachtree Street NE, Suite 1490, Atlanta, GA 30308.

s/Barbara Radke
Deputy Clerk